UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLIFFORD JONES, | ) | 1:06-CV-0307 OWW LJO HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS PURSUANT TO 28 |
| | ) | U.S.C. § 2241 |
| | ) | |
| D. SMITH, Warden, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND[1]**

Petitioner is currently in custody of the Bureau of Prisons at the United States Penitentiary located in Atwater, California. Petitioner contests the outcome of a disciplinary hearing in which Petitioner was found to have committed the prohibited act of using a telephone for abuses other than criminal activity. As a result, Petitioner lost twenty-one (21) days of good conduct time.

Petitioner claims his disciplinary record must be expunged and his time credits be restored because the Bureau of Prisons failed to provide him with a copy of the disciplinary hearing officer's

---

[1] This information was derived from the petition for writ of habeas corpus.

report within ten (10) days as required by statute.

## DISCUSSION

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)

Petitioner alleges he was denied the minimum due process right of a "written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action," because he was not provided a copy of the hearing officer's report in a timely manner. Documents submitted by Petitioner demonstrate that he was not provided a copy of the report within the ten (10) days after the disciplinary hearing officer as set forth in Program Statement 5270.07. According to the report, the hearing took place on June 14, 2005, and Petitioner was provided a copy of the report on July 6, 2005. Thus, the report was delivered to Petitioner 22 days after the decision was rendered. In his petition, however, Petitioner contends he did not receive a copy of the report for some five months.

In any case, the Court finds the minimum due process requirements set forth in Wolff were met. Petitioner does not claim he wasn't given advance written notice of the disciplinary charges, an opportunity to call witnesses and present documentary evidence in his defense, or that the decision

1  was not supported by some evidence. Although Petitioner was not given a copy of the report
2  according to the time guidelines set forth in the Bureau's program statement, Petitioner was given a
3  copy of the report. In addition, Petitioner has not shown that he was prejudiced in any way by the
4  Bureau's failure to abide by the time guidelines. In <u>Wolff</u>, the Supreme Court reasoned that a written
5  report was necessary because an inmate may not be able to properly challenge the outcome of the
6  disciplinary hearing without such a statement by the factfinder. <u>Wolff</u>, 418 U.S. at 565. The Court
7  found such a report was necessary so an inmate could effectively seek review at higher
8  administrative levels. In addition, written records are necessary so that an inmate may protect himself
9  from collateral consequences, such as prison transfers, which may result from the offense. <u>Id</u>. Here,
10 although Petitioner was not timely given a copy of the report, he did not sustain any negative
11 consequences as a result. In light of its failure to provide a timely copy, the Bureau granted Petitioner
12 leave to file a late appeal. Therefore, the concern in <u>Wolff</u> that Petitioner may be prejudiced by not
13 having a copy of the report to defend himself to reviewing administrative bodies is nonexistent. <u>Id.</u>
14 Also, Petitioner did not undergo any negative collateral consequences during the time he was without
15 a copy of the report.

16    In sum, each of Petitioner's required minimum due process rights were satisfied. The charges
17 were supported by some evidence. Petitioner concedes he was given advance written notice of the
18 charges, an opportunity to call witnesses and present documentary evidence in his defense, and a
19 written statement by the factfinder of the evidence relied on and the reasons for the disciplinary
20 action. Although the written statement was not provided to Petitioner according to the deadline set
21 forth in the Bureau's program statement, Petitioner suffered no prejudice. The petition should be
22 denied.

23                            **RECOMMENDATION**

24    Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus
25 be DENIED. It is FURTHER RECOMMENDED that the Clerk of Court be DIRECTED to enter
26 judgment.

27    This Findings and Recommendation is submitted to the assigned District Judge, pursuant to
28 the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with the

1  Findings and Recommendation, any party may file written objections with the Court and serve a
2  copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's
3  Findings and Recommendation."  Any reply to the objections shall be served and filed within ten
4  days after service of the objections.  The parties are advised that failure to file objections within the
5  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
6  1153 (9th Cir. 1991).

7  IT IS SO ORDERED.

8  **Dated:     May 5, 2006**                          **/s/ Lawrence J. O'Neill**
   b9ed48                                        UNITED STATES MAGISTRATE JUDGE